| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** (7-90) CCG-I |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOSE MARTINEZ and OFELIA MARTINEZ, )
)  No.   2009L011468
Plaintiff, )        CALENDAR/ROOM X
)        TIME 00:00
v. )        PI Motor Vehicle
)
)  *PLEASE SERVE DEFENDANT AT:*
THE MASON AND DIXON LINES, et al., )  The Mason and Dixon Lines, Inc.
)  c/o: CT Corporation System, Reg. Agent
)  208 S. LaSalle Street, Suite 814
Defendants. )  Chicago, IL 60604

### SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801 Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

SEP 2 8 2009

WITNESS,_____, 2009

_____
DOROTHY BROWN Clerk of Court

Name: CLIFFORD LAW OFFICES, P.C.
Attorney for: Plaintiff
Address: 120 N. LaSalle St.
City: Chicago, IL 60602
Telephone: 312/899-9090
Atty. No.: 32640

Date of service:_____, 2009
(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Division Room 802

County Division Room 801
Probate Division Room 1202

**EXHIBIT A**

BTN/rc          9N-0072

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JOSE MARTINEZ and<br>OFELIA MARTINEZ,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE MASON AND DIXON LINES,<br>INCORPORATED, a corporation, and<br>DAVID GONZALEZ SANCHEZ,<br><br>    Defendants. | 2009L011468<br>CALENDAR/ROOM X<br>TIME 00:00<br>PI Motor Vehicle<br><br>No. _____<br><br>*Plaintiffs demand trial by jury.* |

## COMPLAINT AT LAW

### COUNT I

### NEGLIGENCE- MASON AND DIXON LINES - JOSE MARTINEZ

Plaintiff, JOSE MARTINEZ, by and through his attorneys, CLIFFORD OFFICES, P.C., complaining of the Defendant, THE MASON AND DIXON LINES, INCORPORATED, a corporation ("MASON AND DIXON LINES"), states as follows:

1. On and before October 12, 2007, US 59 was a public highway, running in a generally north and south direction near Livingston, Polk County, Texas.

2. On and before October 12, 2007, there was a private truck stop located on US 59 near mile post 440 near Livingston, Polk County, Texas.

3. On and before October 12, 2007, Defendant, MASON AND DIXON LINES, was a corporation engaged in interstate commercial trucking and does business in Cook County, Illinois.

4. On October 12, 2007, David Gonzalez Sanchez was the duly authorized agent and/or

1

employee of Defendant, MASON AND DIXON LINES, and at all times relevant hereto was acting within the scope of his agency and/or employment.

5. On October 12, 2007, David Gonzalez Sanchez drove a semi truck and trailer on US 59 near Polk County, Texas; said truck was owned and operated by MASON AND DIXON LINES.

6. On October 12, 2007, Plaintiff JOSE MARTINEZ, owned operated, managed and maintained a GMC Envoy, traveling in a northbound direction on US 59, near mile post 440, near Livingston, Polk County, Texas; Plaintiff, OFELIA MARTINEZ, was a passenger in said vehicle and both Plaintiffs are residents of Illinois.

7. On October 12, 2007, at the time and place aforesaid, David Gonzalez Sanchez made a right hand turn, turning out of the private truck stop and onto US 59 and in front of the vehicle driven by the Plaintiffs, JOSE MARTINEZ and OFELIA MARTINEZ.

8. On October 12, 2007, the vehicle of Plaintiffs, JOSE MARTINEZ and OFELIA MARTINEZ, made contact with the semi truck and trailer directly in front of them, driven by David Gonzalez Sanchez.

9. On October 12, 2007, MASON AND DIXON LINES owed a duty to the Plaintiff, JOSE MARTINEZ, to exercise reasonable care in the operation and control of its motor vehicle.

10. On October 12, 2007, MASON AND DIXON LINES, by and through its agent or employee, David Gonzalez Sanchez, was negligent in one or more of the following respects:

    a. negligently operated, managed, maintained and controlled its motor vehicle;

    b. operated a motor vehicle without keeping a proper and sufficient lookout;

    c. failed to exercise due care as to avoid colliding with another vehicle;

    d. failed to give audible warning with his horn when such warning was

       reasonably necessary to ensure safety;

  e.    failed to provide or obey sufficient signals, designators and markings so as to ensure the safe and proper passage of vehicle traffic;

  f.    failed to survey, monitor, control and yield to vehicular traffic;

  g.    failed to yield the right-of-way to Plaintiff and his vehicle;

  h.    was otherwise careless and negligent.

11. As a direct and proximate result of one or more of the aforesaid negligent acts, Plaintiff, JOSE MARTINEZ sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, JOSE MARTINEZ demands judgment against Defendant, THE MASON AND DIXON LINES, INCORPORATED, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II

### NEGLIGENCE- MASON AND DIXON LINES - OFELIA MARTINEZ

Plaintiff, OFELIA MARTINEZ, by and through her attorneys, CLIFFORD OFFICES, P.C., complaining of the Defendant, THE MASON AND DIXON LINES, INCORPORATED, a corporation ("MASON AND DIXON LINES), states as follows:

1. On and before October 12, 2007, US 59 was a public highway, running in a generally north and south direction near Livingston, Polk County, Texas.

2. On and before October 12, 2007, there was a private truck stop located on US 59 in Polk County, Texas.

3. On and before October 12, 2007, Defendant, MASON AND DIXON LINES, was a corporation engaged in interstate commercial trucking and does business in Cook County, Illinois.

3

4. On October 12, 2007, David Gonzalez Sanchez was the duly authorized agent and/or employee of Defendant, MASON AND DIXON LINES, and at all times relevant hereto was acting within the scope of his agency and/or employment.

5. On October 12, 2007, David Gonzalez Sanchez operated a semi truck and trailer US 59 at or near Polk County, Texas; said truck was owned and operated by MASON AND DIXON LINES.

6. On October 12, 2007, Plaintiff JOSE MARTINEZ, owned operated managed and maintained a GMC Envoy, traveling in a northbound direction on US 59, near miles post 440, in Livingston, Polk County, Texas; OFELIA MARTINEZ was a passenger in said vehicle and both Plaintiffs are residents of Illinois.

7. On October 12, 2007, at the time and place aforesaid David Gonzalez Sanchez made a right hand turn, turning out of the private truck stop and onto US 59 and in front of the vehicle driven by the Plaintiffs, JOSE MARTINEZ and OFELIA MARTINEZ.

8. On October 12, 2007, the Plaintiffs, JOSE MARTINEZ and OFELIA MARTINEZ, made contact with the semi truck and trailer directly in front of them, operated by David Gonzalez Sanchez.

9. On October 12, 2007, MASON AND DIXON LINES owed a duty to the Plaintiff, OFELIA MARTINEZ, to exercise reasonable care in the operation and control of its motor vehicle.

10. On October 12, 2007, MASON AND DIXON LINES, by and through its agent or employee, David Gonzalez Sanchez, was negligent in one or more of the following respects:

    a. negligently operated, managed, maintained and controlled its motor vehicle;

    b. operated a motor vehicle without keeping a proper and sufficient lookout;

4

c. failed to exercise due care as to avoid colliding with another vehicle;

d. failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety;

e. failed to provide or obey sufficient signals, designators and markings so as to ensure the safe and proper passage of vehicle traffic;

f. failed to survey, monitor, control and yield to vehicular traffic;

g. failed to yield the right-of-way to Plaintiff and her vehicle;

h. was otherwise careless and negligent.

11. As a direct and proximate result of one or more of the aforesaid negligent acts Plaintiff, OFELIA MARTINEZ, sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, OFELIA MARTINEZ, demands judgment against Defendant, THE MASON AND DIXON LINES, INCORPORATED, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III

### NEGLIGENCE- DAVID GONZALEZ SANCHEZ - JOSE MARTINEZ

Plaintiff, JOSE MARTINEZ, by and through his attorneys, CLIFFORD OFFICES, P.C., complaining of the Defendant, DAVID GONZALEZ SANCHEZ, states as follows:

1. On and before October 12, 2007, US 59 was a public highway, running in a generally north and south direction near Livingston, Polk County, Texas.

2. On and before October 12, 2007, there was a private truck stop located on US 59 near mile post 440 near Livingston, Polk County, Texas.

3. On and before October 12, 2007, Defendant, MASON AND DIXON LINES, was a corporation engaged in interstate commercial trucking and does business in Cook County, Illinois.

5

4.  On October 12, 2007, David Gonzalez Sanchez was the duly authorized agent and/or employee of Defendant, MASON AND DIXON LINES, and at all times relevant hereto was acting within the scope of his agency and/or employment.

5.  On October 12, 2007, David Gonzalez Sanchez drove a semi truck and trailer on US 59 near Polk County, Texas; said truck was owned and operated by MASON AND DIXON LINES.

6.  On October 12, 2007, Plaintiff JOSE MARTINEZ, owned operated, managed and maintained a GMC Envoy, traveling in a northbound direction on US 59, near mile post 440, near Livingston, Polk County, Texas; Plaintiff, OFELIA MARTINEZ, was a passenger in said vehicle and both Plaintiffs are residents of Illinois.

7.  On October 12, 2007, at the time and place aforesaid, David Gonzalez Sanchez made a right hand turn, turning out of the private truck stop and onto US 59 and in front of the vehicle driven by the Plaintiffs, JOSE MARTINEZ and OFELIA MARTINEZ.

8.  On October 12, 2007, the vehicle of Plaintiffs, JOSE MARTINEZ and OFELIA MARTINEZ, made contact with the semi truck and trailer directly in front of them, driven by David Gonzalez Sanchez.

9.  On October 12, 2007, DAVID GONZALEZ SANCHEZ owed a duty to the Plaintiff, JOSE MARTINEZ, to exercise reasonable care in the operation and control of his motor vehicle.

10. On October 12, 2007, DAVID GONZALEZ SANCHEZ was negligent in one or more of the following respects:

    a.  negligently operated, managed, maintained and controlled his motor vehicle;
    b.  operated a motor vehicle without keeping a proper and sufficient lookout;
    c.  failed to exercise due care as to avoid colliding with another vehicle;

6

d. failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety;

e. failed to provide or obey sufficient signals, designators and markings so as to ensure the safe and proper passage of vehicle traffic;

f. failed to survey, monitor, control and yield to vehicular traffic;

g. failed to yield the right-of-way to Plaintiff and his vehicle;

h. was otherwise careless and negligent.

11. As a direct and proximate result of one or more of the aforesaid negligent acts, Plaintiff, JOSE MARTINEZ, sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, JOSE MARTINEZ demands judgment against Defendant, DAVID GONZALEZ SANCHEZ, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV

### NEGLIGENCE- DAVID GONZALEZ SANCHEZ- OFELIA MARTINEZ

Plaintiff, OFELIA MARTINEZ, by and through her attorneys, CLIFFORD OFFICES, P.C., complaining of the Defendant, DAVID GONZALEZ SANCHEZ, states as follows:

1. On and before October 12, 2007, US 59 was a public highway, running in a generally north and south direction near Livingston, Polk County, Texas.

2. On and before October 12, 2007, there was a private truck stop located on US 59 in Polk County, Texas.

3. On and before October 12, 2007, Defendant, MASON AND DIXON LINES, was a corporation engaged in interstate commercial trucking and does business in Cook County, Illinois.

4. On October 12, 2007, David Gonzalez Sanchez was the duly authorized agent and/or employee of Defendant, MASON AND DIXON LINES, and at all times relevant hereto was acting

7

within the scope of his agency and/or employment.

5. On October 12, 2007, David Gonzalez Sanchez operated a semi truck and trailer US 59 at or near Polk County, Texas; said truck was owned and operated by MASON AND DIXON LINES.

6. On October 12, 2007, Plaintiff JOSE MARTINEZ, owned operated managed and maintained a GMC Envoy, traveling in a northbound direction on US 59, near miles post 440, in Livingston, Polk County, Texas; OFELIA MARTINEZ was a passenger in said vehicle and both Plaintiffs are residents of Illinois.

7. On October 12, 2007, at the time and place aforesaid David Gonzalez Sanchez made a right hand turn, turning out of the private truck stop and onto US 59 and in front of the vehicle driven by the Plaintiffs, JOSE MARTINEZ and OFELIA MARTINEZ.

8. On October 12, 2007, the Plaintiffs, JOSE MARTINEZ and OFELIA MARTINEZ, made contact with the semi truck and trailer directly in front of them, operated by David Gonzalez Sanchez.

9. On October 12, 2007, DAVID GONZALEZ SANCHEZ owed a duty to the Plaintiff, OFELIA MARTINEZ, to exercise reasonable care in the operation and control of his motor vehicle.

10. On October 12, 2007, DAVID GONZALEZ SANCHEZ was negligent in one or more of the following respects:

    a. negligently operated, managed, maintained and controlled his motor vehicle;

    b. operated a motor vehicle without keeping a proper and sufficient lookout;

    c. failed to exercise due care as to avoid colliding with another vehicle;

    d. failed to give audible warning with his horn when such warning was

        reasonably necessary to ensure safety;

    e.    failed to provide or obey sufficient signals, designators and markings so as to ensure the safe and proper passage of vehicle traffic;

    f.    failed to survey, monitor, control and yield to vehicular traffic;

    g.    failed to yield the right-of-way to Plaintiff and her vehicle;

    h.    was otherwise careless and negligent.

11. As a direct and proximate result of one or more of the aforesaid negligent acts Plaintiff, OFELIA MARTINEZ, sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, OFELIA MARTINEZ, demands judgment against Defendant, DAVID GONZALEZ SANCHEZ, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

                                                                                                 *[signature]*

                                                                                    Attorneys for the Plaintiffs

Brian T. Nash
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
(312)899-9090
Atty No.: 32640

9

BTN/rc    9N-0072

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JOSE MARTINEZ and OFELIA MARTINEZ,  )<br><br>Plaintiffs,  )<br><br>vs.  )<br><br>THE MASON AND DIXON LINES, INCORPORATED, a corporation, and DAVID GONZALEZ SANCHEZ,  )<br><br>Defendants.  ) | No.<br><br>*Plaintiffs demand a trial by jury.* |

### AFFIDAVIT REGARDING DAMAGES SOUGHT

NOW COMES the Plaintiffs, JOSE MARTINEZ and OFELIA MARTINEZ, by and through their attorney, BRIAN T. NASH, your affiant and being first duly sworn under oath, states as follows:

1. That your affiant is one of the attorneys of record for the parties in this matter.

2. That the total money damages sought in this civil action exceeds an amount in excess of $50,000.00.

                                                                                          */s/ Brian T. Nash*
                                                                                          BRIAN T. NASH

[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the statements set forth herein are true and correct.